UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**UNITED STATES OF AMERICA**          CASE NO: 19-20631-GAYLES

VS.

**CARLOS MIGUEL RODRIGUEZ**,

_____/

**<u>DEFENDANT'S RESPONSE TO GOVERNMENT'S APPEAL (D.E. 39) OF ORDER OF BOND (D.E. 34)</u>**

COMES NOW, the Defendant, CARLOS MIGUEL RODRIGUEZ, by and through his undersigned counsel, and files this, Response in Opposition to the Government's Appeal of the Hon. Mag Lauren Louis order of bond, and states and alleges as follows:

The Government alleges some of the same arguments espoused at the pre-trial detention hearing on October 10, 2019, suggests, inappropriately, that there is other evidence outside of the record on appeal to support their request to overturn the order setting bond conditions. For example, at page 4 of their submission, the Government apparently acquiesces that they were unable to demonstrate through their case agent that phones found approximately one year before the Indictment was returned in this case were found inside the home occupied by a number of family members, but the agent was unprepared to say how the location of the phone was connected to the Defendant having possessed or used it. The Government now offers outside the confines of the record on appeal that they may have another agent who can come forward and establish this. This is inappropriate to allow the Government to attempt to supplement the record on appeal. They do this yet again by making a factual assertion in page 6 of their submission, talking

about a B.J. attempting to negotiate a forged check in Salt Lake City from an account belonging to G.A.  These facts were never mentioned in the Government's proffer nor in the cross-examination of the agent. Another fact asserted by the Government, and unproven at the hearing was the assertion on page 6 in the last paragraph that "he [Appellee] had an iPhone note saved on the iPhone **seized on his person** in October 2018 that contained the name, social security number and date of birth of the owner of G.A. (emphasis added).  The agent's testimony at the hearing, supported none of this.

    1.  **Detention is not permissible under 18 U.S.C. Sec. 3142 (f)**

The Defendant by and through his undersigned counsel challenged the legal basis for seeking detention at the forefront of the detention hearing.  The basis was that the offense charged and the factual basis asserted does not comport with the requisites of the statute that permit detention. The statute allows for detention if:

> (f)Detention Hearing.—The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of such person as required and the safety of any other person and the community—
> (1) upon motion of the attorney for the Government, in a case that involves—
> (A) a crime of violence, a violation of section 1591, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;
> (B) an offense for which the maximum sentence is life imprisonment or death;
> (C) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46;
> (D) any felony if such person has been convicted of two or more offenses described in subparagraphs (A) through (C) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (A) through (C) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; or
> (E) any felony that is not otherwise a crime of violence that involves a minor victim or that involves the possession or use of a firearm or destructive device (as those terms are defined in section 921), or any other dangerous weapon, or involves a failure to register under section 2250 of title 18, United States Code; or

    (2) upon motion of the attorney for the Government or upon the judicial officer's own motion in a case, that involves—
    (A) a serious risk that such person will flee; or
    (B) a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.

  None of these prerequisites were demonstrated so as to justify detention – a factor that was raised at the onset of the detention hearing (Transcript p.3:14).

  2. **Defendant is not a risk of flight**

  The agent testified that the Defendant continued living at the same home in which he and his family had been found in one year ago before his arrest in the instant case. (Transcript 21:19-24) despite the fact that law enforcement seized evidence they claimed supported the instant charges. No efforts were made to secret themselves elsewhere. This is the same address in which Defendant has lived for the last three years. The same address found on the DAVID search that was done by law enforcement (T: 22-23). He is s twenty-year resident of the Miami-Dade County area. He has no prior record. He is attending college at Miami-Dade. His mother and aunt were present in court and willing to co-sign as sureties.[1] His Cuban and his U.S. passports were seized by agents at the time of his arrest.

  3. **The evidence does not support a finding of danger to the community by clear and convincing evidence, nor does it support a finding of risk of flight by a preponderance of the evidence.**

---

[1] The undersigned is holding in escrow a cashier's check for the 10% bond as well as a Stipulation from the Government that Nebbia has been met regarding the funds that would be used to secure the defendant's release.

The Government's Exhibits introduced during the hearing were said to have been found inside the home located at 9748 Little River Drive, where up to five people were living, belonging to the Defendant's family – four of which were Indicted in this case. As it related to all of the evidence found at this residence, whether in October 2018 or during the arrest of the Defendant and members of his family in October 2019, the agent's response was the same:

    A: "I believe that was found in your client's room, but I'm not 100 percent sure." (T:27:2-5)

    Or

    A: "What I know specifically is that on 10/2/2019, that letter as found in his home, but I'm not 100 percent sure if it was in his room." (T:2719-21)[2][3]

The evidence is that the residence in question is owned by Defendant's sister and co-Defendant Tailey Rodriguez. She is also the owner of the boat that the Government now claims was purchased for $60,000.00. She is also the signatory on the bank records for the cleaning service (Pages Clearing Service) that the Government claims was a money laundering front (T:29-31). Incidentally, Taily Rodriguez and her husband are the owners of the business according to agent, after consulting with Sunbiz records (T: 30:8).

The Government's proffer included the assertion that substantial amounts of cash were deposited into the Pages Cleaning bank account, yet the agent could not give a

---

[2] This is the same response for all of the Exhibits introduced. In fact, Gov. Ex. 3 was a printout from a partial download of a phone that was found inside the home in October 2018. (T:32-33). The agent, on cross-examination is asked about whether that phone was found on the person of Carlos Rodriguez, Jr. as the Government asserted in its proffer, and today, in its appeal of the detention order. The agent responds:" I believe it was in a bedroom." (T:33:12). Two weeks later there is no evidence that the phone was found on the Defendant, and yet the Government continues to make this unsupported assertion.

[3] The agent also responded in similar fashion to specific items found during the October 2018 search, including cell phones and computers.

figure as to how much was "substantial." What the agent could state was that there was no appreciable money found inside the home or on the person of Carlos Rodriguez, Jr.

The Government seeks to bootstrap its request by pointing out that Messrs. Carlos Rodriguez, Sr. and Kenny Alfaro were denied bond. This is irrelevant. Carlos Rodriguez, Sr. is a convicted felon, who was found in possession of a firearm at the time of his instant arrest. He is designated as the leader or organizer of those charged in this indictment. It is unknown what prior record Mr. Alfaro had, but it is known that he is not a United States citizen as is the case with Carlos Rodriguez, Jr.

## **CONCLUSION**

The Magistrate correctly found that the Government had not met its burden in that the evidence did not support a finding of danger to the community by clear and convincing evidence, nor did it support a finding of risk of flight by a preponderance of the evidence. The Government inappropriately offers alternative theories and witnesses than those offered at the time of the detention hearing which have no basis in the record, and have not been subject to vetting through cross-examination. They should be legally barred.

WHEREFORE, the Defendant, respectfully requests this Court deny the Government's appeal and reinstate the original order of bond.

I HEREBY CERTIFY that a true copy of the foregoing has been sent to all parties of record by ECF/CM this 23rd day of October 2019 to all parties of record.

.

        HOWARD J. SCHUMACHER, P.A.
        1 E. Broward Blvd., Suite 700
        Ft. Lauderdale, FL 33301
        (954) 356-0477
        FL Bar No: 776335


BY    <u>Howard J. Schumacher, Esq.</u>
       HOWARD J. SCHUMACHER, ESQ.