UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CR-20631-GAYLES/OTAZO-REYES

UNITED STATES OF AMERICA

vs.

CARLOS MIGUEL RODRIGUEZ,
    a/k/a/ "Carlito,"

Defendant.
_____/

## FACTUAL PROFFER

The Defendant, CARLOS MIGUEL RODRIGUEZ, a/k/a "Carlito" (hereinafter referred to as the "Defendant"), his counsel, and the United States agree that, had this case proceeded to trial, the United States would have proven the following facts, among others, beyond a reasonable doubt:

1.    Since approximately in or around November 2015, the Defendant participated in a scheme to obtain and use the personal identification information of unwitting customers at various FDIC-insured financial institutions, such as Bank of America, Bank of American Fork, Bank of the West, CBBC Bank, Citizen's Bank, JP Morgan Chase, KeyBank National Association, Regions Bank, Santander Bank, N.A., Suntrust Bank, TD Bank, U.S. Bank, Wells Fargo N.A., Woodforest National Bank, and Zion First National Bank. The Defendant and other members of the scheme obtained, from bank insiders or other sources, copies of checks from checking accounts with these financial institutions.

2.    The Defendant and others in the scheme then used websites on the dark web to obtain the personally identifiable information ("PII") for the signatories on the bank accounts, including name, date of birth, address, and social security numbers. This allowed the Defendant and others to access the bank accounts online, check the balances, view deposits, withdrawals, and

cancelled checks. Sometimes, the Defendant directed TAILY RODRIGUEZ to obtain PII on the dark web for him.

3.   The Defendant then pretended to be the account holder, in order to change the contact information on the account, such as the telephone number, to a telephone number that he controlled. The Defendant used multiple disposable phones to call the banks to avoid detection. Banks provided recordings of the Defendant impersonating account holders. The Defendant and others also downloaded images of previously cancelled checks and then used those cancelled checks as templates to create counterfeit checks that appear similar, and in some cases identical, to the checks used by the bank account holder. The Defendant and others often created the counterfeit checks in hotel rooms that they paid for in cash, in order to use a wifi connection that would not come back to his house.

4.   The Defendant then provided the counterfeit checks to individuals tasked with the responsibility of recruiting others who agreed to go into the financial institution to negotiate the counterfeit checks, including RAUL APLIZAR GONZALEZ, KENNY FRENCHIE ALFARO, and others.

5.   If the financial institution became suspicious of the transaction, the teller called the listed phone number on the account, which came back to a phone number controlled by the Defendant and the Defendant authorized the cashing of the counterfeit check.

6.   A times, the Defendant and others cashed counterfeit checks at branch banks in the Southern District of Florida. Often, the Defendant and others traveled outside the district to cash counterfeit checks at branches throughout the United States. The Defendant had connections to individuals from other states having the ability to recruit others in their area to enter bank branches and cash the counterfeit checks, or worked with others who had such connections.

7. The Defendant deposited the cash from the counterfeit checks into a number of different bank accounts, including a bank account in the name of a fake company called Pages Cleaning Service. The Defendant and others used Pages Cleaning Service to make it look like the cash they received from the scheme was legitimate income related to house cleaning services, even though the cash was illegal proceeds of the counterfeit check scheme. The Defendant used the cash from the counterfeit check scheme to purchase a home, and a boat, among other items.

8. The Defendant managed and supervised the counterfeit check scheme, which involved far more than five participants. The Defendant chose the banks to target and, at times, directed others to travel out of state to cash the counterfeit checks for him. The Defendant also directed TAILY RODRIGUEZ to obtain PII for him on occasions.

9. The Defendant obtained PII belonging to a victim with the initials D.M.R. who lived in the Highland Heights, Kentucky. D.M.R is the subject of Count 4. The Defendant possessed D.M.R.'s name, social security number, and date of birth on an electronic note saved on his iPhone. The Defendant used D.M.R.'s PII to access his business bank account at US Bank. The Defendant that created counterfeit check number 23866 on D.M.R.'s business bank account in the amount of $3,750, made payable to an individual with the initials C.S. C.S. was a check casher recruited by the Defendant and others. C.S. presented the counterfeit check created by the Defendant at a US Bank branch in Arizona and received $3,750 cash. The Defendant directed others to collect the cash from the counterfeit check from C.S. and then shared the proceeds of the cash from the counterfeit check.

10. If this case were to go to trial, the United States would call fraud investigators for individual financial institutions who analyzed telephone numbers, electronic mail addresses, and account numbers that were in the possession of the Defendant and others, among other data, linking participants in the scheme. These investigators have identified losses from the scheme to date

which, when combined, amount to $1,892,745.85. Many of the banks defrauded in Defendant's scheme were outside the State of Florida. As such, the Defendant's conduct affected interstate and foreign commerce.

Date: 12/10/19         By: _____
                       ARIANA FAJARDO ORSHAN
                       UNITED STATES ATTORNEY
                       ELIZABETH YOUNG
                       SPECIAL ASSISTANT UNITED STATES
                       ATTORNEY

Date: 12/10/19         By: _____
                       KRISTI KASSEBAUM
                       ATTORNEY FOR DEFENDANT

Date: 12/10/19         By: _____
                       CARLOS MIGUEL RODRIGUEZ
                       DEFENDANT