UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CR-20631-GAYLES/OTAZO-REYES

UNITED STATES OF AMERICA

vs.

CARLOS MIGUEL RODRIGUEZ,
    a/k/a/ "Carlito,"

                    Defendant.

_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and

CARLOS MIGUEL RODRIGUEZ, a/k/a "Carlito" (hereinafter referred to as the "Defendant")

enter into the following agreement:

1.    The Defendant agrees to plead guilty to Count 1 of the Indictment, which charges

the Defendant with conspiracy to commit bank and wire fraud, in violation of 18 U.S.C. § 1349.

The Defendant also agrees to plead guilty to Count 4 of the Indictment, which charges the

Defendant with aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1).

2.    This Office agrees to seek dismissal of Counts 2, 3, 5, and 8 of the Indictment after

sentencing.

3.    The Defendant is aware that the sentence will be imposed by the Court after

considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter

"Sentencing Guidelines").  The Defendant acknowledges and understands that the Court will

compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines

will be determined by the Court relying in part on the results of a pre-sentence investigation by the

Court's Probation Office, which investigation will commence after the guilty plea has been entered.  The Defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines.  The Defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the Defendant may not withdraw the plea solely as a result of the sentence imposed.

4.     The Defendant also understands and acknowledges that as to the offense of conspiracy to commit bank and wire fraud, as charged in Count 1 of the Indictment, the Court may impose a statutory maximum term of imprisonment of up to thirty (30) years.   In addition to any period of imprisonment, the Court may also impose a period of supervised release of up to five (5) years to commence at the conclusion of the period of imprisonment.  In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to the greater of $250,000, pursuant to 18 U.S.C. § 3571(a)(3), or twice the pecuniary gain or loss caused by the offense, pursuant to 18 U.S.C. § 3571(d), as well as restitution.

5.     The Defendant also understands and acknowledges that as to the offense of aggravated identify theft, as charged in Count 4 of the Indictment, the Court must impose a mandatory minimum term of imprisonment of two (2) years, followed by a term of supervised

2

release of up to one year.   The sentence which the Court imposes for Count 4 must be consecutive to the sentence the Court imposes for Count 1.   In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000 and must order restitution.

6.      The Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraphs 4 and 5 of this agreement, a special assessment in the amount of $200 will be imposed on the Defendant.   The Defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

7.      The Defendant recognizes that pleading guilty may have consequences with respect to the Defendant's immigration status if the Defendant is not a natural-born citizen of the United States.   Under federal law, a broad range of crimes are removable offenses, including the crime to which the Defendant is pleading guilty.    In addition, under certain circumstances, denaturalization may also be a consequence of pleading guilty to a crime.    Removal, denaturalization, and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including the Defendant's attorney or the Court, can predict to a certainty the effect of the Defendant's conviction on the Defendant's immigration status.   The Defendant nevertheless affirms that the Defendant chooses to plead guilty regardless of any immigration consequences that the Defendant's plea may entail, even if the consequence is the Defendant's denaturalization and automatic removal from the United States.

8.      The Defendant shall cooperate with law enforcement officials, attorneys with the United States Attorney's Office for the Southern District of Florida by providing full, complete and truthful information regarding his knowledge, conduct and actions while involved in this offense and by providing active cooperation in ongoing investigations if requested to do so.   If called upon to do so, the Defendant shall provide complete and truthful testimony before any grand

3

jury or trial jury in any criminal case, in any civil proceeding or trial, and in any administrative proceeding or hearing.  In carrying out his obligations under this paragraph Defendant shall neither minimize his own involvement nor fabricate, minimize or exaggerate the involvement of others.  If the Defendant intentionally provides any incomplete or untruthful statements or testimony, his actions shall be deemed a material breach of this Agreement and the United States shall be free to pursue all appropriate charges against him notwithstanding any agreements to forbear from bringing additional charges as may be otherwise set forth in this Agreement.

9.     The Defendant shall provide the Probation Office and counsel for the United States with a full, complete and accurate personal financial statement (form provided by this Office) within ten (10) days of executing this agreement.  The Defendant shall disclose and identify all assets in which he has any interest and/or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party.  The Defendant agrees that he will not sell, hide, waste, encumber, destroy, or otherwise devalue any asset without prior approval of this Office, until his Forfeiture Money Judgment, described herein in subsequent paragraphs, is paid in full.  If the Defendant provides incomplete or untruthful statements in his personal financial statement, this action shall be deemed a material breach of this Agreement and the United States shall be free to pursue all appropriate charges against him notwithstanding any agreements to forbear from bringing additional charges otherwise set forth in this Agreement.

10.     Provided that the Defendant commits no new criminal offenses and provided that he continues to demonstrate an affirmative recognition and affirmative acceptance of personal responsibility for his criminal conduct, the United States agrees that it will recommend at sentencing that the Defendant receive a three-level reduction for acceptance of responsibility pursuant to Section 3E1.1 of the Sentencing Guidelines, based upon the Defendant's recognition

4

and affirmative and timely acceptance of personal responsibility. The United States, however, will not be required to make this sentencing recommendation if the Defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the United States and Probation of the circumstances surrounding the relevant offense conduct and his present financial condition; (2) is found to have misrepresented facts to the United States prior to entering this Plea Agreement; or (3) commits any misconduct after entering into this Plea Agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

11.     This Office reserves the right to inform the Court and the Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the Defendant and the Defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

12.     The United States reserves the right to evaluate the nature and extent of the Defendant's cooperation and to make the Defendant's cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of the United States the Defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the sentence advised by the Sentencing Guidelines, the United States may at or before sentencing make a motion pursuant to Title 18, United States Code, Section 3553(e), Section 5K1.1 of the Sentencing Guidelines, or subsequent to sentencing by motion pursuant to Rule 35 of the Federal Rules of Criminal Procedure, reflecting that the Defendant has provided substantial assistance and recommending a

5

sentence reduction. The Defendant acknowledges and agrees, however, that nothing in this Agreement may be construed to require the United States to file such a motion and that the United States' assessment of the nature, value, truthfulness, completeness, and accuracy of the Defendant's cooperation shall be binding on the Defendant.

13.     The Defendant understands and acknowledges that the Court is under no obligation to grant a motion by the United States pursuant to Title 18, United States Code, Section 3553(e), 5K1.1 of the Sentencing Guidelines or Rule 35 of the Federal Rules of Criminal Procedure, as referred to in paragraph 12 of this Agreement, should the United States exercise its discretion to file such a motion.

14.     The parties agree that, at the time of sentencing, the United States will recommend a sentence at the low end of the applicable guidelines range.

15.     The United States and the Defendant agree that, although not binding on Probation or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the applicable advisory sentencing guideline range for Counts 1 and 9:

(a)     <u>Base Offense Level</u>:  The Defendant's base offense level is seven (7), in accordance with U.S.S.G. § 2B1.1(a)(1);

(b)     <u>Loss</u>:  The Defendant's offense level shall be increased by sixteen (16) levels pursuant to U.S.S.G. § 2B1.1(b)(1)(I) because the intended loss to the victims $1,892,745.85;

(c)     <u>Ten or More Victims</u>:   The Defendant's offense level shall be increased by two (2) levels pursuant to U.S.S.G. § 2B1.1(b)(2)(A), as there were more than ten victims;

(d)     <u>Sophisticated Means</u>:   The Defendant's offense level shall be increased by two (2) levels pursuant to U.S.S.G. § 2B1.1(b)(10)(c), as the Defendant used sophisticated

means to commit the offense conduct; and

(e)     Aggravating Role:   That Defendant's offense level shall be increased by three (3)

levels pursuant to U.S.S.G. § 3B1.1 because of the role played by the Defendant in

the criminal activity—specifically, his role as a manager or supervisor of a

conspiracy involving five or more participants or was otherwise extensive.

(f)     Total Offense Level Unadjusted:   That the total offense level unadjusted shall be

Level 30 before any reduction under U.S.S.G. § 3E1.1, as contemplated in

paragraph 10.

15.     The Defendant acknowledges and understands that additional or different

enhancements or provisions of the Sentencing Guidelines might be applicable, and that neither the

Court nor Probation are bound by the parties' joint recommendations.   The Defendant also

understands the sentence which the Court imposes for Count 4 must be consecutive to the

sentencing guidelines range for Count 1.

16.     The Defendant agrees, in an individual and any other capacity, to forfeit to the

United States, voluntarily and immediately, any right, title, and interest to any property

constituting, or derived from, proceeds the person obtained directly or indirectly, as a result of

such violation, pursuant to Title 18, United States Code Section 982(a)(2)(A).   The Defendant

further agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily

and immediately, any right, title, and interest to any property, real or personal, involved in such

offense, and any property traceable to such property pursuant to Title 18, United States Code,

Section 982(a)(1).   The Defendant further agrees, in an individual and any other capacity, to

forfeit to the United States, voluntarily and immediately, any right, title, and interest to any firearm

or ammunition involved in or used in the commission of such violation.   In addition, the

7

Defendant agrees to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).    The property subject to forfeiture includes, but is not limited to:

    a.    a forfeiture money judgment in the sum of at least $760,071.80 in U.S. currency, which sum represents the value of the property subject to forfeiture;

    b.    directly forfeitable property, including, but not limited to:   One (1) 39' Midnight Express boat, bearing hull number: EXK03914L900.

17.    The Defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The Defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the Defendant agrees to waive:   any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. Rs. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

18.    The Defendant also agrees to fully and truthfully disclose the existence, nature and location of all assets in which the Defendant has or had any direct or indirect financial interest or control, and any assets involved in the offense of conviction.   The Defendant agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture.   This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

19.     In furtherance of the satisfaction of a forfeiture money judgment entered by the Court in this case, the Defendant agrees to the following:

    a.    submit a financial statement to this Office upon request, within 14 calendar days from the request;

    b.    maintain any asset valued in excess of $10,000, and not sell, hide, waste, encumber, destroy, or otherwise devalue such asset without prior approval of the United States;

    c.    provide information about any transfer of an asset valued in excess of $10,000 since the commencement of the offense conduct in this case to date;

    d.    cooperate fully in the investigation and the identification of assets, including liquidating assets, meeting with representatives of the United States, and providing any documentation requested; and

    e.    notify, within 30 days, the Clerk of the Court for the Southern District of Florida and this Office of: (i) any change of name, residence, or mailing address, and (ii) any material change in economic circumstances.

20.     The Defendant further understands that providing false or incomplete information about assets, concealing assets, making materially false statements or representations, or making or using false writings or documents pertaining to assets, taking any action that would impede the forfeiture of assets, or failing to cooperate fully in the investigation and identification of assets may be used as a basis for: (i) separate prosecution, including, under 18 U.S.C. § 1001; or (ii)

recommendation of a denial of a reduction for acceptance of responsibility pursuant to the United States Sentencing Guidelines § 3E1.1.

21.     The Defendant is aware that the sentence has not yet been determined by the Court. The Defendant is also aware that any estimate of the probable sentencing range or sentence that the Defendant may receive, whether that estimate comes from the Defendant's attorney, the United States, or Probation, is a prediction, not a promise, and is not binding on the United States, Probation or the Court.  The Defendant understands further that any recommendation that the United States makes to the Court as to sentencing, whether pursuant to this Agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety.   The Defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the Defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the Defendant, the United States, or a recommendation made jointly by both the Defendant and the United States.

22.     The Defendant is aware that Title 18, United States Code, Section 3742 affords him the right to appeal the sentence imposed in this case.  Acknowledging this, in exchange for the undertakings made by the United States in this Plea Agreement, the Defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any forfeiture or restitution ordered, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or a variance from the Sentencing Guidelines range that the Court establishes at sentencing.  The Defendant further understands that nothing in this Agreement shall affect the right of the United States and/or its duty to appeal as set forth in Title 18, United States Code, Section 3742(b).  However, if the United States appeals the Defendant's sentence pursuant to Section 3742(b), the Defendant shall

10

be released from the above waiver of appellate rights.   By signing this Agreement, the Defendant acknowledges that he has discussed the appeal waiver set forth in this Agreement with his attorney. The Defendant further agrees, together with the United States, to request that the Court enter a specific finding that the Defendant's waiver of his right to appeal the sentence to be imposed in this case was knowing and voluntary.

23.     For purposes of criminal prosecution, this Plea Agreement shall be binding and enforceable upon the United States Attorney's Office for the Southern District of Florida.   The United States does not release Defendant from any claims under Title 26, United States Code. Further, this Agreement in no way limits, binds, or otherwise affects the rights, powers or duties of any state or local law enforcement agency or any administrative or regulatory authority.

24.     Defendant agrees that if he fails to comply with any of the provisions of this Agreement, including the failure to tender such Agreement to the Court, makes false or misleading statements before the Court or to any agents of the United States, commits any further crimes, or attempts to withdraw the plea (prior to or after pleading guilty to the charges identified in paragraph one (1) above), the Government will have the right to characterize such conduct as a breach of this Agreement.   In the event of such a breach: (a) the Government will be free from its obligations under the Agreement and further may take whatever position it believes appropriate as to the sentence and the conditions of the Defendant's release (for example, should the Defendant commit any conduct after the date of this Agreement that would form the basis for an increase in the Defendant's offense level or justify an upward departure – examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Probation Officer, or Court – the Government is free under this Agreement to seek an increase in the offense level based

11

on that post-Agreement conduct); (b) the Defendant will not have the right to withdraw the guilty plea; (c) the Defendant shall be fully subject to criminal prosecution for any other crimes which he has committed or might commit, if any, including perjury and obstruction of justice; and (d) the Defendant waives any protections afforded by Section 1B1.8(a) of the Sentencing Guidelines, Rule 11 of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, and the Government will be free to use against the Defendant, directly and indirectly, in any criminal or civil proceeding any of the information, statements, and materials provided by him pursuant to this Agreement, including offering into evidence or otherwise using the attached Agreed Factual Basis for Guilty Plea.

25.     This is the entire Agreement and understanding between the United States and the Defendant.   There are no other agreements, promises, representations or understandings.

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

Date: 12/9/19                     By: _____

ELIZABETH YOUNG
SPECIAL     ASSISTANT     UNITED     STATES
ATTORNEY

Date: 12/9/19                     By: _____

KRISTI KASSEBAUM
COUNSEL FOR DEFENDANT

Date: 12/10/19                    By: _____

CARLOS MIGUEL RODRIGUEZ
DEFENDANT

12